NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HEATHER QUILLET, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1133,**
*Petitioners*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1195

---

Petition for review of an arbitrator's decision in No. 241026-00647 by David. E. Wilson.

---

Decided:  July 22, 2026

---

ANDREW WEEKS, Legal Justice at Work, PLLC, Louisville, KY, argued for petitioners.  Also represented by WHITNEY RAILEY.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, LOURIE and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Heather Quillet petitions this court to review an arbitrator's decision sustaining her removal from federal service. Ms. Quillet worked as a registered nurse at the Robley Rex VA Medical Center (Robley) in Louisville, Kentucky, from July 2013 through June 2023. She was hired under 38 U.S.C. § 7401(1), which provides for appointment of VA healthcare professionals outside the standard civil service appointment procedures of title 5 of the U.S. Code, *see Bonner v. Dep't of Veterans Affs. Pittsburgh Healthcare Sys.*, 477 F.3d 1343, 1345 (Fed. Cir. 2007), and was a member of the American Federation of Government Employees, Local 1133 (the Union).

In June 2023, Ms. Quillet tested positive for marijuana, and the Department of Veterans Affairs proposed her removal for violating its drug-free workplace policy. The Union, as Ms. Quillet's representative, filed a grievance with the agency challenging her removal. After meeting with Union representatives, Robley director Jo-Ann Ginsberg issued a response sustaining Ms. Quillet's removal. Ms. Quillet then elected to challenge her removal through arbitration pursuant to the collective bargaining agreement between the Union and the agency. The arbitrator held a hearing in September 2024 and issued a decision sustaining Ms. Quillet's removal on October 21, 2024. Ms. Quillet and the Union then petitioned for review by this court.

Ms. Quillet alleges that jurisdiction is proper under 5 U.S.C. § 7121(f), which provides this court with jurisdiction to review certain arbitrator decisions. *See Burke v. U.S. Postal Serv.*, 888 F.2d 833, 834 (Fed. Cir. 1989). But we have expressly held that section 7121(f)'s jurisdictional grant does not extend to VA healthcare professionals who

are appointed under 38 U.S.C. § 7401(1), like Ms. Quillet. *See Bonner*, 477 F.3d at 1346–48 (concluding that employees hired under § 7401(1) "have never had the right to judicial review by this court" of arbitrator decisions). Because we are without jurisdiction to consider the arbitrator's decision, we dismiss Ms. Quillet's petition for lack of jurisdiction.

**DISMISSED**

C OSTS

No costs.